UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEON LAMONT ROSE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:16-cv-05485 ) |
| NICOLETTE DUFFIELD, CATALINO BAUTISTA, M.D., EDWARD L. MONTWILL, O.D., SALEH OBAISI, M.D., DEBBIE McCALLAM, JOSEPH SSENFUMA, CATHY TORRES, and UN-KNOWN AND UNNAMED ILLINOIS DEPARTMENT OF CORRECTIONS EMPLOYEES | ) ) JURY TRIAL DEMANDED ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, Deon Lamont Rose, by and through his attorneys, Bartlit Beck Herman Palenchar & Scott LLP, complaining of Defendants Nicolette Duffield, Catalino Bautista M.D., Edward L. Montwill, O.D., Saleh Obaisi, M.D., Debbie McCallam, Joseph Ssenfuma, Cathy Torres, and other unknown and unnamed Illinois Department of Corrections employees, states as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution for violations of his constitutional rights. Plaintiff alleges that Defendants Nicolette Duffield, Catalino Bautista, M.D., Edward L. Montwill, O.D., Saleh Obaisi, M.D., Debbie McCallam, Joseph Ssenfuma, Cathy Torres, and other unnamed and unknown Illinois Department of Corrections employees ("Defendants") acted with deliberate indifference to Plaintiff's serious medical needs by failing to provide Plaintiff with adequate treatment of and follow-up care for Plaintiff's glaucoma. As a result of Defendants' failure to pro-

vide constitutionally adequate medical care, Plaintiff experienced severe pain and suffering, his condition worsened, and his eyesight became impaired.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution. This Court therefore has jurisdiction over this action under 28 U.S.C. § 1331.

3. The events forming the basis of this action occurred within the Northern District of Illinois. Venue is therefore proper in this district under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Deon Lamont Rose is a citizen of the United States, who currently resides in Joliet, Illinois. Plaintiff was incarcerated at the Sheridan Correctional Center from January 2012 until his release on June 6, 2014.

5. Wexford Health Sources, Inc. ("Wexford") is a Pennsylvania Corporation transacting business in Illinois and is a health care provider for Illinois Department of Corrections Facilities, including the Sheridan Correctional Center.

6. At all times relevant to this Amended Complaint, Defendant Nicolette Duffield was a Healthcare Administrator with the Illinois Department of Corrections at the Sheridan Correctional Center. At all relevant times, Defendant Duffield was acting under color of state law and as an employee of the Illinois Department of Corrections. Defendant Duffield is being sued in her individual capacity.

7. At all times relevant to this Amended Complaint, Defendant Catalino Bautista, M.D., was a Medical Director with the Illinois Department of Corrections at the Sheridan Correctional Center. At all relevant times, Defendant Bautista was acting under color of state law and as an employee of the Illinois Department of Corrections. Defendant Bautista is being sued in his individual capacity.

8. At all times relevant to this Amended Complaint, Defendant Edward L. Montwill, O.D., was an optometrist employed by the Illinois Department of Corrections and/or Wexford

Health Sources, Inc. At all relevant times, Defendant Montwill was acting under color of state law and as an employee and/or agent of Wexford. Defendant Montwill is being sued in his individual capacity.

9. At all times relevant to this Amended Complaint, Defendant Saleh Obaisi, M.D., was a doctor employed by the Illinois Department of Corrections and/or Wexford Health Sources, Inc. At all relevant times, Defendant Obaisi was acting under color of state law and as an employee and/or agent of Wexford. Defendant Obaisi is being sued in his individual capacity.

10. At all times relevant to this Amended Complaint, Defendant Debbie McCallam was a corrections nurse with the Illinois Department of Corrections at the Sheridan Correctional Center. At all relevant times, Defendant McCallam was acting under color of state law and as an employee of the Illinois Department of Corrections. Defendant McCallam is being sued in her individual capacity.

11. At all times relevant to this Amended Complaint, Defendant Joseph Ssenfuma was Director of Nursing with the Illinois Department of Corrections at the Sheridan Correctional Center. At all relevant times, Defendant Ssenfuma was acting under color of state law and as an employee of the Illinois Department of Corrections. Defendant Ssenfuma is being sued in his individual capacity.

12. At all times relevant to this Amended Complaint, Defendant Cathy Torres was a nurse with the Illinois Department of Corrections at the Sheridan Correctional Center. At all relevant times, Defendant Torres was acting under color of state law and as an employee of the Illinois Department of Corrections. Defendant Torres is being sued in her individual capacity.

## FACTS

13. When Plaintiff arrived at the Sheridan Correctional Center, Plaintiff told correctional officers during his intake that Plaintiff suffered from glaucoma. Shortly after Plaintiff arrived at the Sheridan Correctional Center, he was evaluated by doctors from the University of Illinois at Chicago ("UIC Doctors"), who confirmed that Plaintiff suffers from glaucoma.

14. Plaintiff's UIC Doctors told the Illinois Department of Corrections about Plaintiff's condition and diagnosis, including by noting Plaintiff's condition and medical needs in Plaintiff's inmate file.

15. In addition to confirming that Plaintiff has glaucoma, Plaintiff's UIC Doctors recommended certain treatment and follow-up for Plaintiff's medical care. Among other things, Plaintiff's UIC Doctors prescribed eye drops to treat Plaintiff's glaucoma. Plaintiff's UIC doctors also directed that Plaintiff return to UIC for periodic follow-up care to allow Plaintiff's UIC Doctors to monitor Plaintiff's condition.

16. Plaintiff's UIC doctors and Plaintiff himself told Defendants about Plaintiff's medically necessary treatment, including the daily prescription eye drops that Plaintiff requires. Defendants were fully aware that Plaintiff suffered from glaucoma, a serious medical condition, and needed treatment for this condition.

17. As employees of the Illinois Department of Corrections and/or Wexford Health Sources, Inc., Defendants were responsible for ensuring that inmates at the Sheridan Correctional Center, including Plaintiff, received adequate medical treatment and care.

18. Defendants acted with deliberate indifference to Plaintiff's serious medical need. Defendants did not provide Plaintiff with access to, and unreasonably withheld, Plaintiff's medically necessary and prescribed eye drops. Defendants also failed to ensure that Plaintiff was able to timely return to UIC for his medically necessary follow-up appointments to receive treatment from Plaintiff's UIC Doctors.

19. When Defendants failed to provide Plaintiff with his medically necessary eye drops, and failed to schedule Plaintiff for his medically necessary follow-up appointments with Plaintiff's UIC Doctors, Plaintiff filed numerous requests, complaints and grievances. Defendants failed to take appropriate action to respond to Plaintiff's requests, complaints and grievances. Paragraphs 20–27 below detail some specific examples of Defendants' failure to provide adequate medical care for Plaintiff's glaucoma.

20. On May 28, 2013, Plaintiff filed a grievance explaining that he had repeatedly been denied prompt refills of his prescribed eye drops and that he was four weeks late for his required follow-up appointment at UIC. Before filing the grievance, Plaintiff had complained on numerous occasions to the Sheridan Correctional Center's health care services personnel that he was not getting proper medical care. In response to Plaintiff's grievance, Defendant Montwill claimed that he had seen Plaintiff and resolved the issues related to Plaintiff timely receiving his eye drops. Defendant Montwill did not see Plaintiff and did not resolve the issues surrounding Plaintiff's eye drops. Defendant Montwill did not help Plaintiff get the treatment he needed.

21. On July 19, 2013, Plaintiff told Defendant Ssenfuma that he was not receiving his eye drops, was in pain, and asked Defendant Ssenfuma whether Plaintiff's prescription eye drops had been ordered. Defendant Ssenfuma responded by telling Plaintiff that his "eyes are always red," that the medically necessary eye drops had not been ordered, and that Plaintiff was wasting Defendant Ssenfuma's time. Defendant Ssenfuma did not conduct any physical exam or otherwise attempt to help Plaintiff. Defendant Ssenfuma did not help Plaintiff get the treatment he needed.

22. Defendants' failure to ensure adequate treatment of Plaintiff's glaucoma continued and Plaintiff frequently was not provided with his needed eye drops. Plaintiff often went weeks or months without receiving his eye drops, causing him severe pain and temporary blindness. Plaintiff continued to file grievances to report Defendants' failure to provide adequate treatment but his requests went unanswered. In addition, because Plaintiff did not get the eye drops he needed, a shunt that had been surgically inserted in his eye closed, causing the pressure to build in his eye. The pressure eventually caused Plaintiff to suffer extreme pain and temporary blindness, and led to him needing emergency surgery.

23. On September 19, 2013, Defendant Bautista stated, in response to one of Plaintiff's grievances, that issuance of Plaintiff's eye drops had been "resolved". Defendant Bautista was aware that issues around Plaintiff's eye drops had not been resolved, yet Defendant Bautista did not help Plaintiff get his necessary medication.

24. In or around September 2013, Defendant Duffield similarly claimed that the issues surrounding Plaintiff timely receiving his medication had been resolved. Defendant Duffield was aware that such issues had not been resolved, yet Defendant Duffield did not help Plaintiff get his necessary medication.

25. On January 29, 2014, Plaintiff was in the Sheridan Correction Center's health care unit to receive his prescription eye drops when he noticed that one of his prescription bottles was empty. Plaintiff told Defendant Torres, who was in the unit at the time, that his prescription needed to be refilled. Defendant Torres responded that she did not have time to address Plaintiff's request and that it was not important. When Plaintiff persisted in his request that his prescription needed to be re-filled, instead of helping Plaintiff ensure that he had the medication he needed, Defendant Torres threatened to "write a ticket" against Plaintiff. Defendant Torres did not help Plaintiff get the treatment he needed.

26. On February 5, 2014, Plaintiff was not called to the Sheridan Correctional Center's health care unit to receive his prescription eye drops. When Plaintiff advised Defendant McCallam that he had not received his eye drops, Defendant McCallam made no effort to get Plaintiff his eye drops and prevented Plaintiff from getting needed treatment from an on-site doctor. Defendant McCallam did not help Plaintiff get the treatment he needed.

27. On February 17, 2014, Plaintiff was called to the Sheridan Correctional Center's health care unit to receive his prescription eye drops four hours after he was supposed to receive them. When Plaintiff finally got to the health care unit, Defendant Ssenfuma scolded Plaintiff for coming late and told Plaintiff that he would be fired from his job in Sheridan Correctional Center's Dietary unit. Defendant Ssenfuma knew that it was not Plaintiff's fault that he was called to the health care unit four hours late. The delay caused Plaintiff severe pain and damaged his vision. Defendant Ssenfuma did not help Plaintiff get the treatment he needed.

28. Defendants' failure to provide access to medical care occurred throughout Plaintiff's incarceration, and Plaintiff filed at least eight complaints about the inadequate treatment of

his glaucoma in 2013 and into 2014. Yet Defendants' failure to provide adequate medical care continued.

29. Defendants' failure to provide access to medical care for Plaintiff constituted deliberate indifference to Plaintiff's serious medical needs.

30. As a direct and proximate result of Defendants' deliberate indifference, Plaintiff experienced severe pain, suffering and mental anguish and Plaintiff's eyesight has deteriorated.

### COUNT I (42 U.S.C. § 1983 – Cruel and Unusual Punishment):

31. The actions of Defendants, described above, whereby Defendants were aware of but deliberately indifferent to Plaintiff's serious medical needs and failed to take steps to provide adequate medical care, constituted deliberate indifference to Plaintiff's serious medical needs, thus violating the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983.

32. As a direct and proximate result of these violations, Plaintiffs suffered great pain, mental anguish, and serious and permanent physical disabilities.

33. As a result of Defendants' failure to provide Plaintiff adequate medical care, Plaintiff suffered severe pain and impairment of his vision.

### REQUESTS FOR RELIEF

WHEREFORE, Plaintiff Deon Lamont Rose respectfully requests that the Court enter an Order granting the following relief:

A. An award of monetary damages in an amount to be determined at trial;

B. Expenses and attorneys' fees under 42 U.S.C. §§ 1983 and 1988; and

C. For any such other or further relief as the Court may find proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated: December 19, 2016          Respectfully Submitted,

By: /s/ Mark E. Ferguson

Mark E. Ferguson (ARDC 6185448)
Faye E. Paul (ARDC 6306719)
BARTLIT BECK HERMAN
 PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Phone: (312) 494-4400
Fax: (312) 494-4440
mark.ferguson@bartlit-beck.com
faye.paul@bartlit-beck.com

*Attorneys for Plaintiff Deon Lamont Rose*